## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT REID, KEITH CHEE, WILLARD THOMAS, MICHAEL TODD DEBONA, BROCK KNOWLTON, PERCY SLEDGE, JOSEPH AKERS, ANDREW LOUDENBECK, BROOK BOOTH, STEVE BOOTH, JESSE MARTINEZ, CAMRON BROWN, MARK MEINTEL, ANDREW KEZELE, CELESTE EVANS, SCOTT GODLEY, RONALD PIXLER, DALE RICHARDSON, SIERRA SANCHEZ, MARCEL TIRA, TALON WILDER, DAVID VILLINES, MALACHI SANDERS, GABE MALDONADO, RICHARD TUTTLE, CHARLIE CHILDRESS, JAMES MOES, MIKEL RODEN, TODD SORENSEN, MARK MANNINO, BRIAN KELLY, JAMES LONG, BRIAN ANDREW MASON, MICHAEL PENTRACK, ELVIRA KOLUNDZIC, KERI MASON, JONATHAN LITTLE, JUAN CARLOS FERNANDEZ, RONALD GERACCI, SIERRA SHEPHERD, KARINA BURCHARD, DAVID SAUNDERS, TRACY HAINES, SEBASTIAN NETOTEA, BRANDON GRANT, KATIE MEYER, DWAYNE MCDUFFEE, TIM SCHOW, KATHERINE CRAVEN, SETH HARTMAN, JANE DOE, KRISTIN ASHFORD, CODY REED, STEPHANIE CUMPTON, and, individually for themselves and on behalf of all others similarly situated,

      Plaintiffs,

   v.

HONEYWELL INTERNATIONAL, INC.,

      Defendant.

_____/

CASE NO.:

DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The Named Plaintiffs ROBERT REID, KEITH CHEE, WILLARD THOMAS, MICHAEL TODD DEBONA, BROCK KNOWLTON, PERCY SLEDGE, JOSEPH AKERS, ANDREW LOUDENBECK, BROOK BOOTH, STEVE BOOTH, JESSE MARTINEZ, CAMRON BROWN, MARK MEINTEL, ANDREW KEZELE, CELESTE EVANS, SCOTT GODLEY, RONALD PIXLER, DALE RICHARDSON, SIERRA SANCHEZ, MARCEL TIRA, TALON WILDER, DAVID VILLINES, MALACHI SANDERS, GABE MALDONADO, RICHARD TUTTLE, CHARLIE CHILDRESS, JAMES MOES, MIKEL RODEN, TODD SORENSEN, MARK MANNINO, BRIAN KELLY, JAMES LONG, BRIAN ANDREW MASON, MICHAEL PENTRACK, ELVIRA KOLUNDZIC, KERI MASON, JONATHAN LITTLE, JUAN CARLOS FERNANDEZ, RONALD GERACCI, SIERRA SHEPHERD, KARINA BURCHARD, DAVID SAUNDERS, TRACY HAINES, SEBASTIAN NETOTEA, BRANDON GRANT, KATIE MEYER, DWAYNE MCDUFFEE, TIM SCHOW, KATHERINE CRAVEN, SETH HARTMAN, JANE DOE, KRISTIN ASHFORD, CODY REED, STEPHANIE CUMPTON (collectively the "Named Plaintiffs") on behalf of themselves and all others similarly situated, (collectively "Plaintiffs") do hereby complain as follows and allege against Defendant HONEYWELL INTERNATIONAL, INC. (hereinafter "Defendant" or "Honeywell"):

## INTRODUCTION

1.    Plaintiffs comprise a group of current and former employees of Defendant Honeywell International Inc., all subject to Defendant's COVID-19 vaccine mandate.

2.    Plaintiffs herein allege that Honeywell's COVID-19 vaccine mandate is unlawful because it mandates the injection of the mRNA COVID-19 vaccine without actual accommodation of Plaintiffs' religious beliefs or disability status, as a condition of Plaintiffs' employment at Honeywell (hereinafter the "Mandate").

3.    The United States Supreme Court has long held that the right to refuse unwanted medical treatment is a fundamental human right.

4.    Honeywell mandated a company-wide COVID-19 vaccine injection in or around May of 2021, while only superficially granting exemptions for sincerely held religious beliefs.

5.    Defendant's exemptions were not exemptions at all, and instead were a means to appear in compliance with Title VII of the Civil Rights Act while simultaneously singling out those employees in order to publicly shame them in front of their peers due to their sincerely held religious beliefs and in order to segregate them based upon their perceived disability status in violation of the Americans with Disabilities Act.

6.    For instance, Defendant required its exempted employees to display their vaccination status by way of color-coded identification badges, utilize separate common areas for bathrooms and lunch breaks, and adhere to weekly

testing with unpaid leave as punishment for failing to do so - even for those employees that worked remotely from their own residence.

7.      Indeed, Defendant's actions towards Plaintiffs were not intended for safety measures but were, instead, designed to harass and punish Plaintiffs *because* they requested exemptions.

8.      Plaintiffs seek to recover all available compensatory and punitive damages relating to Honeywell's Mandate and related adverse employment actions including, but not limited to, poor performance reviews, further harassment, placing Plaintiffs under a microscope, placing Plaintiffs on unpaid administrative leave, constructively discharging them, and outright terminating them on the basis of their sincerely held religious beliefs warranting their non-vaccinated status, their perceived disability status, and their informed non-consent for the COVID-19 vaccine while under emergency use authorization.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 USC § 1331 and 1343, because it is a civil action concerning the civil rights of the Plaintiffs arising under the laws of the United States, and pursuant to 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117(a) which confers jurisdiction in any judicial district in the state in which the unlawful employment practice is alleged to have been committed as well as the state in which the plaintiffs have worked.

10.     This Court has personal jurisdiction over Defendant because under *International Shoe* and its progeny, Defendant has at least minimum contacts with

Florida such that traditional notions of fair play and substantial justice would not be offended by the exercise of jurisdiction. In addition, personal jurisdiction is appropriate under Florida's long-arm statute, § 48.193. Defendant Honeywell, its affiliated companies, and Honeywell executives engaged in unlawful acts regarding the COVID-19 vaccine mandates through acts within the state of Florida as well as acts outside the state of Florida that caused harm to numerous plaintiffs in the state of Florida.

11.     Venue is proper in the U.S. Middle District of Florida because Honeywell and its affiliates, and leadership, do a high percentage of their business in Pinellas and Manatee County, Florida, where Defendant operates two facilities. Pursuant to 42 U.S.C. § 2000e-5(f)(3), fifteen (15) of the Named Plaintiffs reside in Florida and worked in this judicial district. The remaining Named Plaintiffs properly have venue in this district pursuant to 42 U.S.C. §2000e-5(f)(3) because at least some of the unlawful employment practice is alleged to have been committed in this district.

12.     This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

13.     This Court is authorized to grant Plaintiffs' prayer for relief regarding damages pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND and GENERAL ALLEGATIONS

### Defendant Honeywell's COVID-19 Vaccine Mandate

14.    In or around May of 2021, Defendant mandated that all of its employees receive the COVID-19 vaccine. Thereafter, and as alleged herein, Defendant undertook coercive and unlawful measures to enforce its Mandate.

15.    On or around June 3, 2021, Defendant held an employee-wide "contest," that required participating employees to disclose their COVID-19 vaccination status.

16.    Specifically, if an employee disclosed that they had received the vaccine, Defendant represented that the disclosing employee would be entered into a drawing to win prizes, including a $5,000.00 cash prize. Defendant, however, prohibited non-vaccinated employees and non-disclosing employees from joining the contest.

17.    On June 9, 2021, Defendant informed its Tempe, AZ and Glendale, AZ employees that the offices must reach a 70% vaccination rate no later than July 31, 2021.

18.    On or around July 21, 2021, vaccinated employees were given green ESD badge holders denoting that they were "clean" or vaccinated.

19.    Additionally, Honeywell mandated that all non-vaccinated employees wear badges with orange or red ESD badge holders and lanyards.

20.    Defendant informed its employees that it was mandatory only for non-vaccinated employees to wear a mask at all times in Defendant's facilities.

Vaccinated employees with a green ESD badge holder were allowed to stop wearing masks and stop practicing any social distancing measures.

21.    On August 11, 2021, Defendant's Arizona office sent an e-mail to all employees that non-vaccinated employees were restricted from traveling entirely without regard to other measures such as protective personal equipment.

22.    In or about August 2021, Defendant also sent harassing and threatening e-mails in an effort to coerce employees in offices in multiple states into receiving the COVID-19 vaccine regardless of their religious beliefs and disability status.

23.    On or around September 9, 2021, President Biden issued E.O. 14042 entitled "Ensuring Adequate COVID-19 Safety Protocols for Federal Contractors." This order required that all employees who work on or in connection with a federal contract be fully vaccinated against COVID-19 or receive approval for a medical or religious exemption.

24.    For the next five months, despite the success of legal challenges against E.O. 14042, Defendant continued its Mandate without exception.

25.    On or around September 9, 2021, Defendant sent an e-mail to its unvaccinated employees advising that they would be terminated if they were not fully vaccinated by December 8, 2022.

26.    On or around September 12, 2021, Defendant sent its unvaccinated employees, including Plaintiffs, additional discriminatory and harassing emails compelling the non-vaccinated employees to receive the COVID-19 vaccine;

implying in very clear language that any non-vaccinated person is a "threat to society."

27.    On or around October 5, 2021, Defendant notified all of its unvaccinated employees, including Plaintiffs, that if they were not vaccinated by January 4, 2022, they would be terminated.

28.    On or around October 12, 2021, Defendant issued the Mandate, officially mandating that all employees receive the COVID-19 vaccine, to be effective December 1, 2021.

29.    The Mandate issued by Defendant explicitly stated that employees would be terminated if they were not fully vaccinated by January 4, 2021.

30.    By and through the Mandate, Defendant supposedly permitted employees to obtain religious or disability exemptions from the mandate, but as alleged hereinafter, that process was a sham, as Defendant never intended to actually exempt or reasonably accommodate any of its employees who request them.

31.    On or around October 13, 2021, Defendant, through its Vice President and General Counsel for Human Resources, sent a corporate e-mail stating how "most" employees subject to the Mandate could apply for exemptions.

32.    On or around October 29, 2021, additional mass communication was sent by Defendant to all employees within the above described "most" category, specifically that employees seeking an exemption from the Mandate on the basis of religion must complete a "Request for U.S. Religious

8

Exemption/Accommodation Related to COVID-19 Vaccine" form on or prior to November 1, 2021.

33.    On or about November 3, 2021, Defendant's President, Eric Wollerman, sent a company-wide statement, again mandating the vaccination without mention of federal exemptions for religion or disability, saying:

> Nearly 20 percent of our workforce is not fully vaccinated and the time to get a vaccine is running out as the December 8 deadline approaches. We are hosting an additional on-site clinic with the Johnson &amp; Johnson one-shot vaccine on Tuesday, November 9. You need to receive the Johnson & Johnson vaccine by Wednesday, November 24, to be fully vaccinated by Wednesday, December 8. We do all of our work in strict conformance with the Government's requirements. This vaccine mandate is such a requirement and we have to comply with it. The COVID-19 Task Force strongly encourages each of you to be vaccinated and remain part of our team, as you are vital to our success.

34.    On or around November 12, 2021, Defendant, issued a company-wide OSHA Emergency Temporary Standard ("ETS") mass communication e-mail, with attention to the first and second paragraphs, stating that non-federal employees would be subject to the OSHA/ETS requirements. Notably, in this November 12, 2021, e-mail, the verbiage changed to state "all" employees, instead of the former "most."

35.    Throughout the months of November 2021 and December 2021, Plaintiffs received daily emails from DocuSign demanding that they sign the Application on Exemption from Vaccination Mandate requiring employees to take weekly COVID-19 tests even if they worked remotely. Plaintiffs were warned

through their respective managers that if they did not sign, they would be placed on unpaid leave indefinitely as early as January 2022.

36.     On or around December 7, 2021, the U.S. District Court for the Southern District of Georgia enjoined the federal government from enforcing E.O. 14042's COVID-19 vaccination mandate for federal government contractors and subcontractors on a nationwide basis, including Defendant.

37.     Ironically, on the same date, December 7, 2021, Defendant announced that a surcharge of $500 would be imposed on the non-vaccinated employees' medical plan for 2022, and that the termination process against the non-vaccinated employees would commence on January 5, 2022.

38.     On or around December 15, 2022, Defendant's Human Resources department sent an e-mail to employees that they would be proceeding with the Mandate, despite legal objections.

39.     On or around December 17, 2021, Defendant's employees received an e-mail from Human Resources stating that if they did not comply with the testing requirement, they would be placed on an unpaid leave of absence, up to and including termination.

40.     The United States Supreme Court stayed the enforcement of E.O. 14042 (the "OSHA mandate") for large private employers on or around January 13, 2022.

41.     Nonetheless, on February 9, 2022, Defendant commenced its discriminatory testing requirement for its non-vaccinated employees even if they

worked remotely. Many employees were placed on unpaid leave and many employees were ultimately terminated.

**Defendant Honeywell's Code of Business Conduct**

42.     Defendant issued a "Code of Business Conduct" (hereinafter the "Code") to all employees at the start of their employment. The goal of the Code is to uphold Defendant's commitment to integrity and ethics.

> The Honeywell Code of Business Conduct (our "Code") is designed to provide guidance to each of us regarding Honeywell's standards of integrity and compliance in all of our business dealings. Our Code is an integral element of the Honeywell Behaviors. It describes the basic rules of conduct that we, as One Honeywell, are expected to follow. In addition, provides helpful resources in the event we have a question or concern about proper conduct.

43.     The Code details penalties for employees who violate the code and exceeds the limitations of the law and is specific to Defendant and its employees. Defendant expects that all employees, officers, and directors familiarize themselves with and follow the Code.  A failure to comply with the Code carries consequences including disciplinary action, including termination.

> Our Code applies to all employees, officers and directors of Honeywell. Where appropriate, business partners working on our Company's behalf should also familiarize themselves with and follow our Code. If your job responsibilities require you to interact with representatives working on behalf of Honeywell, be sure to inform them of their responsibility to act in accordance with this Code and provide them with a copy. Their behavior must be consistent with our Code, other Honeywell policies, and applicable laws and regulations.

44.     In the Code, Defendant commits to creating an inclusive working environment.

> Honeywell is committed to maintaining an inclusive, safe, and respectful working environment for all employees, regardless of gender, race, color, ethnic background, age, religious belief, national origin, affectional or sexual orientation, gender identity, disability, marital status, veteran status, citizenship or impending citizenship, or any other characteristic protected by law. Employees should be able to work and learn in a safe, yet stimulating atmosphere and Honeywell will not tolerate intimidating, hostile, abusive, or offensive behaviors in our workplace. Honeywell has zero tolerance for such conduct, which will be considered harassment and is strictly prohibited.

45.     Defendant's Code explicitly prohibits retaliation, encourages its employees to feel comfortable asking questions and raising concerns, protects those who do raise concerns, and creates an explicit duty for them to do so.

> It is important that you feel comfortable raising your questions and concerns. Honeywell will not tolerate any form of retaliation against you for making a good faith report of actual or potential misconduct. Making a report in "good faith" means your report is honest, sincere, and complete to the best of your knowledge. If you feel an act of retaliation has occurred, you should report your concerns via one of the methods outlined in "Asking for Advice and Voicing Concerns."

> If you become aware of a situation that may involve a violation of this Code, Company policy or any applicable law, or regulation, you have a responsibility to report it. Please note that failure to comply with our Code and Company policies can have serious consequences. Consequences may include disciplinary action, up to and including termination, as well as possible civil or criminal penalties. Honeywell will treat all reports confidentially to the extent possible, consistent with the law, Company

policy, and the Company's need to conduct a thorough investigation. Suspected violations may be reported by identifying yourself or by remaining anonymous. In Europe, specific processes have been implemented to comply with rules that limit anonymous reporting. You may contact the Integrity and Compliance Office with any questions.

All reports will be investigated promptly and thoroughly, consistent with applicable law and, upon the advice and approval of the Law Department, may be reported to the appropriate authorities. Employees have a duty to cooperate with Company investigations concerning potential violations of the Code or applicable Company policies.

Failure to cooperate fully in a Company investigation or the failure to be fully truthful when providing evidence or testimony in such investigation is grounds for disciplinary action, including termination. It should be emphasized that appropriate corrective or disciplinary action for Code violations will be taken whenever necessary.

46. Defendant's Code further obligates it to protect its employees' personal data and only collect necessary personal data.

We should only collect, access, use, or disclose personal data for appropriate business purposes. In addition, we should use the minimum amount of personal data needed to accomplish a task and avoid processing personal data if the objective of the processing can be achieved without processing personal data.

47. Defendant's Code commits it to respecting human rights.

Our Code, along with other Honeywell policies, establishes practices and standards that address a broad range of human rights and workplace issues. Honeywell respects and values the diversity reflected in our various backgrounds, experiences and ideas. Together, we provide each other a diverse and inclusive work

environment that fosters respect for all of our coworkers and business partners. Refer to the section titled "Respecting Each Other and Promoting a Positive Workplace" for more information.

48.     Despite its Code of Conduct, Defendant disparately treated Plaintiffs who requested exemptions from its Mandate based on their sincerely held religious beliefs by: (1) having vaccinated employees wear green identification badges and lanyards and mandating that non-vaccinated employees wear white identification badges; (2) receiving daily harassing emails and memorandums to pressure him into receiving the vaccine and mandating that he sign off on a list of accommodations including a statement that he would receive the vaccine if one was developed and produced without the use of aborted fetal cell lines, without question; (3) mandating the use of protective personal equipment when others did not have to do so; (4) mandating weekly testing when others did not have to do so despite breakthrough infections of vaccinated employees; (5) not being given new projects to work on or the better projects to work on; (6) being placed on mandatory unpaid administrative leave; and (7) not engaging in an interactive process when it comes to religious or medical exemptions.

**PARTIES**

**A. Named Plaintiffs – Former Employees**

49.     **Named Plaintiff ROBERT REID** is an individual and former employee of Defendant Honeywell, and a resident of the State of Florida.

a.   Plaintiff Reid began working for Defendant in April 2011 and was constructively discharged from his employment after requesting a religious exemption from Defendant's Mandate in February 2022.

b.   Plaintiff Reid requested an exemption from Defendant's Mandate in October 2021. As part of that process, Defendant required Plaintiff to disclose the names of his fellow parishioners and attest, without question, that he would receive a vaccine in the future if one was developed and produced without the use of aborted fetal cell lines.

c.   Defendant purportedly granted Plaintiff Reid's request on December 1, 2021, however, Defendant continued to discriminate against Plaintiff Reid due to his religion warranting his unvaccinated status.

d.   For instance, Plaintiff Reid was required to utilize a different color coded identification badge to designate his vaccination status.

e.   Plaintiff Reid dual-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or around November 24, 2021.

f.   Plaintiff Reid's amended charge of discrimination alleges religious and disability discrimination because Defendant regarded Plaintiff as disabled due to his unvaccinated status. Plaintiff Reid further alleged he was retaliated against for requesting an exemption from Defendant's Mandate.

g.   Plaintiff Reid received a Right to Sue from the EEOC on or about August 12, 2022.

h.   Plaintiff Reid has exhausted his administrative remedies.

50.   **Named Plaintiff KEITH CHEE** is an individual and former employee of Defendant Honeywell, and a resident of the State of Florida.

a.   Plaintiff Chee began working for Defendant in November of 2020. After requesting a religious exemption from Defendant's Mandate, Plaintiff Chee was placed on unpaid administrative leave in January 2022 and terminated from his employment a month later in February 2022.

b.   Plaintiff Chee filed a charge of discrimination with the EEOC in or about April 2022, in which Plaintiff Chee alleged he received disparate treatment based on his religious beliefs and because Defendant perceived him as being disabled. Plaintiff Chee further alleged he was retaliated against for requesting an exemption from Defendant's Mandate.

16

     c.    Plaintiff Chee received a Right to Sue from the EEOC on or about August 12, 2022.

     d.    Plaintiff Chee has exhausted his administrative remedies.

51.    **Named Plaintiff WILLARD THOMAS** is an individual and former employee of Defendant Honeywell, and a resident of the State of Florida.

     a.    Plaintiff Thomas was treated differently because he refused to disclose his vaccination status and because of that was regarded by Defendant Honeywell as being unvaccinated and therefore disabled.

     b.    Plaintiff Thomas complained of the disparate treatment to Defendant Honeywell's Human Resources, but no remedial action was taken.

     c.    Plaintiff Thomas was placed on unpaid administrative leave on or around January 7, 2022.

     d.    Plaintiff Thomas was pretextually terminated on or around February 3, 2022.

     e.    Plaintiff Thomas dual-filed a charge of discrimination with the EEOC and the Florida Commission on Human Relations ("FCHR") on or about April 19, 2022, in which he alleged discrimination based on Defendant's perception of his disability status.

  f. Plaintiff Thomas received his EEOC Right to Sue on or about August 12, 2022.

  g. Plaintiff Thomas has exhausted his administrative remedies.

52. **Plaintiff MICHAEL TODD DEBONA** is an individual and former employee of Defendant Honeywell, and a resident of the State of Florida.

  a. Plaintiff DeBona began working for Defendant Honeywell in or around September 1997 and objected to Defendant's Mandate based on his sincerely held religious beliefs.

  b. Plaintiff DeBona was placed on unpaid administrative leave on or about January 7, 2022.

  c. Plaintiff DeBona was pretextually terminated in or around February 2022.

  d. Plaintiff DeBona dual-filed a charge of discrimination with the EEOC and the FCHR on or about April 14, 2022, in which he alleged religious and disability discrimination due to Defendant's perception of his disability status. Further, Plaintiff DeBona alleged he was retaliated against due to his objections to Defendant's discrimination.

  e. Plaintiff DeBona received his EEOC Right to Sue on or about August 12, 2022.

  f. Plaintiff DeBona has exhausted his administrative remedies.

53.    **Plaintiff BROCK KNOWLTON** is an individual and former employee of Defendant Honeywell, and a resident of the State of Florida.

   a.    Plaintiff Knowlton's religious beliefs conflicted with Defendant's Mandate. Plaintiff Knowlton was placed on an unpaid administrative leave until proof of vaccination was shown.

   b.    Ultimately, Defendant terminated Plaintiff Knowlton upon the enforcement of Defendant's Mandate and Plaintiff Knowlton was not allowed to apply for any exemption to the Mandate.

   c.    Plaintiff Knowlton complained to Defendant's Human Resources about the discriminatory exemption process and disparate treatment, but no remedial action was taken.

   d.    Plaintiff Knowlton dual-filed a charge of discrimination with the EEOC and the FCHR on or about April 18, 2022, in which Plaintiff Knowlton alleged he received disparate treatment based on his religious beliefs and because Defendant perceived him as being disabled. Plaintiff Knowlton further alleged he was retaliated against for objecting to Defendant's discrimination.

   e.    Plaintiff Knowlton received his EEOC Right to Sue on or about August 12, 2022.

   f.    Plaintiff Knowlton has exhausted his administrative remedies.

54.   **Named Plaintiff PERCY SLEDGE** is an individual and former employee of Defendant Honeywell, and a resident of the State of Florida.

    a.   Plaintiff Sledge's religious beliefs conflicted with Defendant's Mandate. However, Plaintiff Sledge was placed on an unpaid administrative leave until proof of vaccination was shown.

    b.   Ultimately, Defendant terminated Plaintiff Sledge upon the enforcement of Defendant's Mandate and Plaintiff Sledge was not allowed to apply for any exemption to the Mandate.

    c.   Plaintiff Sledge complained to Defendant's Human Resources about the discriminatory exemption process and disparate treatment, but no remedial action was taken.

    d.   Plaintiff Sledge filed a charge of discrimination with the EEOC in March 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Sledge alleged that he was retaliated against for complaining about the disparate treatment.

    e.   Plaintiff Sledge received a Right to Sue from the EEOC.

    f.   Plaintiff Sledge has exhausted his administrative remedies.

55.   **Named Plaintiff JOSEPH AKERS** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.   Plaintiff Akers began working for Defendant in May of 1996.

b.  Plaintiff Akers requested a religious exemption from Defendant's Mandate in October 2021. In November 2021, Defendant asked Plaintiff Akers to submit further information explaining his religious beliefs rather than establishing the sincerity of his beliefs.

c.  Plaintiff Akers objected to the ongoing questions concerning the substance of his beliefs and was constructively discharged in November 2021.

d.  Plaintiff Akers filed a charge of discrimination with the EEOC in November 2021 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Akers alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.  Plaintiff Akers was further discriminated against by way of having to wear a color-coded identification badge to publicly display his vaccination status and was required to test weekly and don masks when non-vaccinated employees did not have to do so.

f.  Plaintiff Akers received a Right to Sue from the EEOC on or about September 19, 2022.

g.  Plaintiff Akers has exhausted his administrative remedies.

56.   **Plaintiff ANDREW LOUDENBECK** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.   Plaintiff Loudenbeck objected to the Mandate because of his sincerely held religious beliefs.

    b.   Plaintiff Loudenbeck was placed on unpaid administrative leave in or about January 2022.

    c.   Plaintiff Loudenbeck was terminated in or about February 2022.

    d.   Plaintiff Loudenbeck dual-filed a charge of discrimination with the EEOC and the AZAG on or about August 4, 2022, alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Loudenbeck alleged that he was retaliated against for objecting to Defendant's discrimination.

    e.   Plaintiff Loudenbeck received his EEOC Right to Sue on or about September 6, 2022.

    f.   Plaintiff Loudenbeck has exhausted his administrative remedies.

57.   **Named Plaintiff BROOK BOOTH** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.   Plaintiff Booth began working for Defendant in 1995.

b.   Plaintiff Booth's religious beliefs conflicted with Defendant's Mandate. However, Defendant's process for requesting an exemption involved multiple forms requesting detailed explanations of Plaintiff Booth's religious beliefs that she found arduous, discriminatory and harassing.

c.   Furthermore, Plaintiff Booth had been assigned to work remotely from her home since March 2019.

d.   Plaintiff Booth complained to Defendant's Human Resources about the discriminatory exemption process, but no remedial action was taken.

e.   Ultimately, on January 7, 2022, Defendant terminated Plaintiff Booth.

f.   Plaintiff Booth filed a charge of discrimination with the EEOC in May 2022 alleging she was discriminated against due to her perceived disability status. Further, Plaintiff Booth alleged that she was retaliated against for complaining about the disparate treatment.

g.   Plaintiff Booth received a Right to Sue from the EEOC.

h.   Plaintiff Booth has exhausted her administrative remedies.

58.   **Named Plaintiff STEVE BOOTH** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

a.   Plaintiff S. Booth began working for Defendant in 1992.

b.      Plaintiff S. Booth's religious beliefs conflicted with Defendant's Mandate. However, Defendant's process for requesting an exemption involved multiple forms requesting detailed explanations of Plaintiff S. Booth's religious beliefs that he found arduous, discriminatory and harassing.

c.      Further, Plaintiff S. Booth was required to wear a different colored identification badge to publicly display his vaccination status and to test weekly when other non-vaccinated employees did not have to do so.

d.      Plaintiff S. Booth complained to Defendant's Human Resources about the discriminatory exemption process, but no remedial action was taken.

e.      Ultimately, on January 7, 2022, Defendant terminated Plaintiff S. Booth.

f.      Plaintiff S. Booth filed a charge of discrimination with the EEOC in May 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff S. Booth alleged that he was retaliated against for complaining about the disparate treatment.

g.      Plaintiff S. Booth received a Right to Sue from the EEOC.

h.      Plaintiff S. Booth has exhausted his administrative remedies.

59.   **Named Plaintiff JESSE MARTINEZ** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.   Plaintiff Martinez' religious beliefs conflicted with Defendant's Mandate. However, Defendant's process for requesting an exemption involved multiple forms requesting detailed explanations of Plaintiff Martinez' religious beliefs that he found arduous, discriminatory and harassing.

    b.   Plaintiff Martinez complained to Defendant's Human Resources about the discriminatory exemption process, but no remedial action was taken.

    c.   Plaintiff Martinez was placed on an unpaid leave of absence and denied a promotion until he complied with Defendant's Mandate.

    d.   Ultimately, on February 8, 2022, Defendant terminated Plaintiff Martinez.

    e.   Plaintiff Martinez filed a charge of discrimination with the EEOC in May 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Martinez alleged that he was retaliated against for complaining about the disparate treatment.

    f.   Plaintiff Martinez received a Right to Sue from the EEOC.

    g.   Plaintiff Martinez has exhausted his administrative remedies.

60.     **Named Plaintiff CAMRON BROWN** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

  a.   Plaintiff Brown objected to Defendant's Mandate in October 2021.

  b.   Plaintiff Brown was discriminated against by way of having to wear a color-coded identification badge to publicly display his vaccination status and was required to test weekly and don masks when non-vaccinated employees did not have to do so.

  c.   Plaintiff Brown filed a charge of discrimination with the EEOC in May 2022 alleging he was discriminated against due to perceived disability status. Further, Plaintiff Brown alleged that he was retaliated against for objecting to the disparate treatment.

  d.   Plaintiff Brown was placed on unpaid administrative leave in January 2022 and was officially terminated in February 2022 by Defendant.

  e.   Plaintiff Brown received a Right to Sue from the EEOC.

  f.   Plaintiff Brown has exhausted his administrative remedies.

61.     **Named Plaintiff MARK MEINTEL** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

  a.   Plaintiff Meintel began working for Defendant in September 2002 and was constructively discharged from his employment

26

on or about May 6, 2022, after requesting a religious exemption from Defendant's Mandate.

b.      Plaintiff Meintel submitted his request for a religious exemption from Defendant's Mandate on October 22, 2021. Defendant purportedly approved Plaintiff Meintel's exemption but only if he complied with Defendant's alleged mitigation measures that were applicable only to non-vaccinated employees. Defendant denied Plaintiff Meintel's request to continue working from home. Further Plaintiff Meintel was forced to sign a statement saying he would accept the vaccination if one was developed and produced without use of aborted fetal cell lines, without question.

c.      Plaintiff Meintel filed a charge of discrimination with the EEOC on or about April 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Meintel alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

d.      Plaintiff Meintel received a Right to Sue from the EEOC on or about September 6, 2022.

e.      Plaintiff Meintel has exhausted his administrative remedies.

27

62.    **Named Plaintiff ANDREW KEZELE** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.    Plaintiff Kezele began working for Defendant in September of 2018 and was constructively discharged from his employment after requesting a religious exemption from Defendant's mandate in or around October 2021.

    b.    Defendant purportedly granted Plaintiff Kezele's exemption request but at the same time denied his request to continue working from home. Instead, Defendant required Plaintiff to return to Defendant's facilities and publicly display his non-vaccination status and participate in weekly testing and other measures that were not applicable to employees whose religion did not conflict with Defendant's Mandate.

    c.    On or about January 3, 2022, Plaintiff Kezele complained to Defendant's management regarding the singling out of non-vaccinated employees and to publicly display their vaccination status.

    d.    Plaintiff Kezele filed a charge of discrimination with the EEOC alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Kezele alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

28

    e.    Plaintiff Kezele received a Right to Sue from the EEOC on or about August 3, 2022.

    f.    Plaintiff Kezele has exhausted his administrative remedies.

63.    **Named Plaintiff CELESTE EVANS** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.    Plaintiff Evans was constructively discharged in March 2022 from her employment after requesting a religious exemption from Defendant's mandate.

    b.    Plaintiff Evans filed a charge of discrimination with the EEOC on or about April 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Evans alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

    c.    Plaintiff Evans received a Right to Sue from the EEOC on or about August 3, 2022.

    d.    Plaintiff Evans has exhausted her administrative remedies.

64.    **Named Plaintiff SCOTT GODLEY** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.    Plaintiff Godley began working for Defendant in 1981.

    b.    Plaintiff Godley did not agree to comply with Defendant's Mandate because, in part it conflicted with his religious beliefs,

and because his wife had passed away after receiving the vaccination.

c.  Plaintiff Godley was placed on unpaid administrative leave and ultimately terminated by Defendant.

d.  Plaintiff Godley has filed a charge of discrimination with the EEOC in August 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Godley alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.   Plaintiff Godley received his Notice of Right to Sue.

f.  Plaintiff Godley exhausted his administrative remedies.

65.  **Named Plaintiff RONALD PIXLER** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

a.  Plaintiff Pixler requested a religious exemption from Defendant's Mandate in November 2021 and was approved for the exemption by Defendant.

b.  Plaintiff Pixler was further discriminated against by way of having to wear a color-coded identification badge to publicly display his vaccination status. Further, Plaintiff Pixler was required to segregate himself at lunch and eat alone at a table. Plaintiff Pixler was excluded from certain "Vaccinated Only"

conference rooms and meetings that happened inside. Defendant clearly established two classes of employees, those without religious exemptions and those with religious exemptions.

c.   Plaintiff Pixler made a complaint with Defendant's Help line and to his manager in March 2022, but no remedial action was taken.

d.   Plaintiff Pixler was constructively discharged in or around March 2022.

e.   Plaintiff Pixler filed a charge of discrimination with the EEOC in May 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Pixler alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

f.   Plaintiff Pixler was constructively discharged from his employment in March 2022 because of his religious beliefs.

g.   Plaintiff Pixler received a Right to Sue from the EEOC.

h.   Plaintiff Pixler has exhausted his administrative remedies.

66.   **Named Plaintiff DALE RICHARDSON** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

a.   Plaintiff Richardson requested a religious exemption from Defendant's Mandate in October 2021 and was purportedly approved for the exemption by Defendant.

b.   Plaintiff Richardson was further discriminated against by way of having to wear a color-coded identification badge to publicly display his vaccination status and was required to test weekly – even though he worked from home - when non-vaccinated employees did not have to do so. Plaintiff Richardson complained about this disparate treatment.

c.   Plaintiff Richardson was constructively discharged in or about March 2022.

d.   Plaintiff Richardson filed a charge of discrimination with the EEOC in May 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Richardson alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.   Plaintiff Richardson was forced to resign on March 18, 2022, after he was berated for his vaccination status by Defendant's Vice President of Human Resources, Kevin Covert, on emails copied to others in management. Mr. Covert also threatened to continue the weekly testing just for Plaintiff Richardson.

f.   Plaintiff Richardson received a Right to Sue from the EEOC on or about September 19, 2022.

g.   Plaintiff Richardson has exhausted his administrative remedies.

67.   **Named Plaintiff SIERRA SANCHEZ** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

a.   Plaintiff Sanchez requested a religious exemption from Defendant's Mandate in October 2021 and was purportedly approved for the exemption by Defendant.

b.   Plaintiff Sanchez was further discriminated against by way of having to wear a color-coded identification badge to publicly display her vaccination status and was required to test weekly and don masks when non-vaccinated employees did not have to do so.

c.   Plaintiff Sanchez filed a charge of discrimination with the EEOC in May 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Sanchez alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

d.   Plaintiff Sanchez was walked out of Defendant's facility in January 2022 and was officially terminated by Defendant in February 2022.

e.  Plaintiff Sanchez received a Right to Sue from the EEOC on or about September 19, 2022.

f.  Plaintiff Sanchez has exhausted her administrative remedies.

68.  **Named Plaintiff MARCEL TIRA** is an individual and former employee of Defendant Honeywell, and a resident of the State of Arizona.

a.  Plaintiff Tira began working for Defendant from 2006 to 2009 and then again beginning in 2015 through Plaintiff Tira's constructive discharge in or around July 20, 2022.

b.  Plaintiff Tira requested an exemption from Defendant's Mandate which was purportedly granted by Defendant.

c.  However, Plaintiff Tira was required to publicly display his non-vaccination status and engage in testing that was only applicable to non-vaccinated employees. For instance, for a period of three weeks, Plaintiff Tira and the other non-vaccinated employees were required to participate in twice a week testing.

d.  Once Defendant reduced the requirement to once weekly testing, it did so as a punitive measure. For instance, Plaintiff Tira was only two hours late submitting her weekly test result and was placed on unpaid administrative leave for a week. Defendant also denied Plaintiff Tira the ability to use her accrued paid time off for the leave period. To be sure, Plaintiff

34

Tira did submit her test result on the required day, only two hours late, and was forced to forego a week's worth of pay as punishment.

e.   Notable, Plaintiff Tira was allowed to return to work a week later, without submitting a test.

f.   Plaintiff Tira was constructively discharged by Defendant Honeywell.

g.   Plaintiff Tira filed a charge of discrimination with the EEOC on or about August 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Tira alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

h.   Plaintiff Tira received a Right to Sue from the EEOC on or about September 6, 2022.

i.   Plaintiff Tira has exhausted his administrative remedies.

69.   **Named Plaintiff TALON WILDER** is an individual and former employee of Defendant Honeywell, and a resident of the State of Missouri.

a.   Plaintiff Wilder was terminated from his employment on or about February 9, 2022, after requesting a religious exemption from Defendant's Mandate.

b.   Plaintiff Wilder was placed into an unpaid leave of absence for two weeks. Afterwards, Plaintiff was suspended during the week of January 17th through the 21st, 2022. Then, Plaintiff Wilder was allowed to return to work the week of January 24th through the 28th, 2022 without being required to submit any COVID-19 test results. Subsequently, Defendant suspended Plaintiff Wilder again without pay for the week of January 31st through February 4th, 2022.

c.   Plaintiff Wilder submitted a complaint to Defendant's Human Resources but no remedial action was taken.

d.   Plaintiff Wilder filed a charge of discrimination with the EEOC on or about June 2022, alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Wilder alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.   Plaintiff Wilder received his Notice of Right to Sue on or around July 21, 2022.

f.   Plaintiff Wilder exhausted his administrative remedies

70.   **Named Plaintiff DAVID VILLINES** is an individual and former employee of Defendant Honeywell, and a resident of the State of Missouri.

36

a.    Plaintiff Villines began working for Defendant in April 2009 and was constructively discharged in January 2022 from his employment after requesting, and being granted, a religious and disability exemption from Defendant's Mandate in January 2022.

b.    Despite being a remote salesperson employee that worked from home and did not have a work location at any of Defendant's facilities or offices, Defendant would only grant Plaintiff Villines' exemption if he agreed to test weekly for COVID-19 which was an unreasonable accommodation for his religious and disability exemption.

c.    Plaintiff submitted his complaint regarding the disparate treatment to Defendant's Human Resources, but no remedial action was taken.

d.    Plaintiff Villines filed a charge of discrimination with the EEOC in or around June 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Villines alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.    Plaintiff Villines received his Notice of Right to Sue on or around July 21, 2022.

f.   Plaintiff Villines exhausted his administrative remedies.

71.   **Named Plaintiff MALACHI SANDERS** is an individual and former employee of Defendant Honeywell, and a resident of the State of Missouri.

a.   Plaintiff Sanders was placed on unpaid administrative leave and then ultimately was terminated on February 9, 2022, from his employment after requesting a religious exemption from Defendant's Mandate in December 2021.

b.   Plaintiff complained to Defendant's Human Resource regarding Defendant's singling out of non-vaccinated employees, but no remedial action was taken.

c.   Plaintiff Sanders filed a charge of discrimination with the EEOC alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Sanders alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

d.   Plaintiff Sanders received his Notice of Right to Sue on or around July 21, 2022.

e.   Plaintiff Sanders exhausted his administrative remedies

72.   **Named Plaintiff GABE MALDONADO** is an individual and former employee of Defendant Honeywell, and a resident of the State of Missouri.

a.   Plaintiff Maldonado was constructively discharged on or about June 7, 2022, from his employment after requesting a religious exemption from Defendant's Mandate.

b.   Defendant purportedly granted Plaintiff Maldonado's exemption but then placed him on unpaid administrative leave for not complying with Defendant's weekly testing requirement of only the unvaccinated employees.

c.   Plaintiff Maldonado filed a charge of discrimination with the EEOC alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Maldonado alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

d.   Plaintiff Maldonado received his Notice of Right to Sue on or around July 14, 2022.

e.   Plaintiff Maldonado exhausted his administrative remedies.

73.   **Named Plaintiff RICHARD TUTTLE** is an individual and former employee of Defendant Honeywell, and a resident of the State of Missouri.

a.   Plaintiff Tuttle requested a religious beliefs exemption from Defendant's Mandate in October 2021. Defendant approved the exemption in December 2021.

b.   Plaintiff Tuttle was further discriminated against by way of being continuously harassed by Defendant's Human Resources

and upper management to receive the vaccine. As a condition of Plaintiff Tuttle's exemption, he was required to agree to weekly testing when non-vaccinated employees did not have to do so.

c.   Plaintiff Tuttle complained to Defendant about its discriminatory exemption process and disparate treatment and was placed on unpaid leave.

d.   Plaintiff Tuttle was terminated while on unpaid leave.

e.   Plaintiff Tuttle filed a charge of discrimination with the EEOC in June 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Tuttle alleged that he was retaliated against for requesting the exemption and complaining about the disparate treatment.

f.   Plaintiff Tuttle has exhausted his administrative remedies.

74.   **Named Plaintiff CHARLIE CHILDRESS** is an individual and former employee of Defendant Honeywell, and a resident of the State of Missouri.

a.   Plaintiff Childress began working for Defendant in March 2018 and was constructively discharged from his employment on or around December 3, 2021, after requesting a religious exemption from Defendant's Mandate. Defendant ultimately denied Plaintiff Childress' request for an exemption.

b.  Plaintiff Childress filed a charge of discrimination with the EEOC in June 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Childress alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

c.  Plaintiff Childress received his Notice of Right to Sue on or around July 21, 2022.

d.  Plaintiff Childress exhausted his administrative remedies.

75.  **Named Plaintiff JAMES MOES** is an individual and former employee of Defendant Honeywell, and a resident of the State of Illinois.

a.  Plaintiff Moes' religious beliefs conflicted with Defendant's Mandate. However, Plaintiff Moes was placed on an unpaid administrative leave until proof of vaccination was shown.

b.  Plaintiff Moes was further discriminated against by way of being continuously harassed by Defendant's Human Resources and upper management to receive the vaccine.

c.  Plaintiff Moes complained to Defendant about its discriminatory exemption process and disparate treatment, but no remedial action was taken.

d.  Plaintiff Moes was constructively discharge on or about February 4, 2022.

41

     e.    Plaintiff Moes filed a charge of discrimination with the EEOC in May 2022 alleging he was discriminated against due to his perceived disability status. Further, Plaintiff Moes alleged that he was retaliated against for complaining about the disparate treatment.

     f.    Plaintiff Moes received a Right to Sue from the EEOC.

     g.    Plaintiff Moes has exhausted his administrative remedies.

76.    **Named Plaintiff MIKEL RODEN** is an individual and former employee of Defendant Honeywell, and a resident of the State of Texas.

     a.    Plaintiff Roden's religious beliefs conflicted with Defendant's Mandate. However, Plaintiff Roden was placed on an unpaid administrative leave until proof of vaccination was shown.

     b.    Plaintiff Roden was further discriminated against by way of being continuously harassed by Defendant's Human Resources and upper management to receive the vaccine.

     c.    Plaintiff Roden complained to Defendant about its discriminatory exemption process and disparate treatment, including having to wear a certain colored identification badge, use outside portable toilets, not ride in Defendant's vehicles, and refrain from entering certain Honeywell buildings or offices.

d.   Plaintiff Roden was constructively discharge on February 4, 2022.

e.   Plaintiff Roden filed a charge of discrimination with the EEOC in May 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Roden alleged that he was retaliated against for complaining about the disparate treatment.

f.   Plaintiff Roden received a Right to Sue from the EEOC on or about September 7, 2022.

g.   Plaintiff Roden has exhausted his administrative remedies.

77.   **Named Plaintiff TODD SORENSEN** is an individual and former employee of Defendant Honeywell, and a resident of the State of Missouri.

a.   Plaintiff Sorensen began working for Defendant in 2019.

b.   Plaintiff Sorensen requested a religious beliefs exemption from Defendant's Mandate in November 2021. Defendant approved the exemption in December 2021.

c.   Plaintiff Sorensen was further discriminated against by way of being continuously harassed by Defendant's Human Resources and upper management to receive the vaccine. As a condition of Plaintiff Sorensen's exemption, he was required to agree to receive the vaccine, without question, if one was developed and produced in the future without the use of aborted fetal cell lines.

43

      d.    Plaintiff Sorensen complained to Defendant about its discriminatory exemption process and disparate treatment, including having to wear a certain colored identification badge and submit to weekly testing when non-vaccinated employees did not have to do so.

      e.    Plaintiff Sorensen was constructively discharge in or about January 2022.

      f.    Plaintiff Sorensen filed a charge of discrimination with the EEOC in June 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Sorensen alleged that he was retaliated against for requesting the exemption and complaining about the disparate treatment.

      g.    Plaintiff Sorensen received a Right to Sue from the EEOC on or about September 7, 2022.

      h.    Plaintiff Sorensen has exhausted his administrative remedies.

78.    **Named Plaintiff MARK MANNINO** is an individual and former employee of Defendant Honeywell, and a resident of the State of Texas.

      a.    Plaintiff Mannino requested a religious exemption from Defendant's Mandate and was approved. Plaintiff Mannino was constructively discharged for having requested the religious exemption.

b.  Plaintiff Mannino was required to work outside under a tent with no air conditioning with the other non-vaccinated employees. Further Plaintiff Mannino was required to use outside portable toilets with the other non-vaccinated employees. Plaintiff Mannino was also not permitted to enter certain of Defendant's buildings nor ride in company vehicles or golf carts with colleagues because of his vaccination status. Meanwhile vaccinated employees were permitted to work inside in the air conditioning and do all the things that Plaintiff Mannino was prohibited from doing.

c.  Plaintiff Mannino filed a charge of discrimination with the EEOC in May 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Mannino alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

d.  Plaintiff Mannino received his Notice of Right to Sue on or around August 26, 2022.

e.  Plaintiff Mannino exhausted his administrative remedies.

79.  **Named Plaintiff JONATHAN LITTLE** is an individual and former employee of Defendant Honeywell, and a resident of the State of Florida.

a.  Plaintiff Little objected to the Mandate because of his sincerely held religious beliefs.

45

b.   Plaintiff Little requested a medical exemption from Defendant's Mandate pursuant to Florida law. Defendant approved that exemption in December 2021.

c.   However, Plaintiff Little was treated disparately by Defendant and required to wear a different colored identification badge and do weekly testing when non-vaccinated employees did not have to do so.

d.   Plaintiff Little objected to Defendant's discriminatory exemption process but no remedial action was taken.

e.   Plaintiff Little was placed on an unpaid leave of absence for not complying with Defendant's Mandate.

f.   Plaintiff Little was constructively discharged on or about May 6, 2022.

g.   Plaintiff Little filed a charge of discrimination with the EEOC in April 2022 alleging he was discriminated against due to his perceived disability status. Further, Plaintiff Little alleged that he was retaliated against for complaining about the disparate treatment.

h.   Plaintiff Little is subject to Defendant's continued and future enforcement of its Mandate.

i.   Plaintiff Little received a Right to Sue from the EEOC.

j.   Plaintiff Little has exhausted his administrative remedies.

**B. Named Plaintiffs – Current Employees**

80.    **Named Plaintiff BRIAN KELLY** is an individual and current employee of Defendant Honeywell, and a resident of the State of Florida.

        a.    Plaintiff Kelly began working for Defendant in June 2019 and sought a religious exemption from Defendant's Mandate as well as for immunity.

        b.    Instead of granting Plaintiff Kelly's requested exemption, Defendant placed him on unpaid administrative leave from his employment not just once but twice.

        c.    At first, Defendant denied Plaintiff's request for a religious exemption from its Mandate.

        d.    Plaintiff Kelly was placed on an unpaid administrative leave on January 7, 2022.

        e.    On January 25, 2022, Plaintiff Kelly filed a second request for an exemption based on immunity and Defendant's response was to berate Plaintiff Kelly for contracting COVID-19.

        f.    Plaintiff Kelly filed a formal complaint of discrimination to Defendant's Human Resources.

        g.    Plaintiff Kelly was allowed to return to work when his exemption for immunity was granted by Defendant but had to comply with the mitigation measures that Defendant applied only to non-vaccinated employees, like Plaintiff Kelly.

47

Defendant also required Plaintiff Kelly to sign a statement saying he would accept the vaccination if one was developed without the use of aborted fetal cell lines, without question.

h.   Plaintiff Kelly also received daily emails pressuring him to receive the vaccine.

i.   Plaintiff Kelly's request for a religious exemption from Defendant's Mandate was approved by Defendant on February 10, 2022.

j.   Plaintiff Kelly was again placed on unpaid administrative leave a second time after returning to work, in or about April 2022.

k.   Plaintiff Kelly dual-filed a charge of discrimination with the EEOC and the FCHR in or about March 2022, in which Plaintiff Kelly alleged he received disparate treatment based on his religious beliefs and because Defendant perceived him as being disabled. Plaintiff Kelly further alleged he was retaliated against for requesting an exemption from Defendant's Mandate and objecting to Defendant's discrimination.

l.   Plaintiff Kelly received a Right to Sue from the EEOC on or about August 12, 2022.

m.   Plaintiff Kelly has exhausted his administrative remedies.

81.   **Named Plaintiff JAMES LONG** is an individual and current employee of Defendant Honeywell, and a resident of the State of Florida.

48

a.   Plaintiff Long was placed on unpaid leave from his employment after requesting and being granted a religious exemption from Defendant's Mandate.

b.   For instance, Plaintiff Long was subjected to disparate treatment including having to wear color-coded identification badges to publicly display his vaccination status, receiving daily pressure to receive the vaccine, attest that he would receive the vaccine if one was developed and produced without the use of aborted fetal cell lines, without question, donning masks and submitting to weekly tests when others did not have to do so, and being placed on unpaid administrative leave. Plaintiff Long was also not given new or better projects to work on.

c.   Plaintiff Long filed a charge of discrimination with the EEOC on or about April 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Long alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

d.   Plaintiff Long received a Right to Sue from the EEOC on or about August 12, 2022.

e.   Plaintiff Long has exhausted his administrative remedies.

82.     **Named Plaintiff BRIAN ANDREW MASON** is an individual and current employee of Defendant Honeywell, and a resident of the State of Florida.

      a.    Plaintiff Brian Mason was placed on unpaid leave from his employment after requesting, and being granted, a religious exemption from Defendant's Mandate.

      b.    Plaintiff Brian Mason filed a charge of discrimination with the EEOC on or about March 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Brian Mason alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

      c.    Plaintiff Brian Mason received a Right to Sue from the EEOC on or about August 12, 2022.

      d.    Plaintiff Brian Mason has exhausted his administrative remedies.

83.     **Named Plaintiff MICHAEL PENTRACK** is an individual and current employee of Defendant Honeywell, and a resident of the State of Florida.

      a.    Plaintiff Pentrack began working for Defendant in May of 2014.

      b.    Plaintiff Pentrack requested, and was granted, a religious exemption from Defendant's Mandate. Plaintiff Pentrack also requested, and was ultimately granted, an exemption from

wearing the face mask that only non-vaccinated employees were required to wear.

c. However, Plaintiff Pentrack was subjected to disparate treatment including having to place a sticker on his identification badge to display his status of non-vaccinated.

d. Plaintiff Pentrack also had to comply with Defendant's weekly testing accommodation and when he was late with uploading his test results, he was placed on unpaid administrative leave. However, his unpaid leave was not for the duration of time it took to learn how to and finally upload his test result, but rather for an entire week - as punishment.

e. Plaintiff Pentrack was told that he was going to "kill people" by not getting vaccinated.

f. Plaintiff Pentrack overheard Defendant's Health and Safety group saying the non-vaccinated employees needed to be "locked up,", "not allowed to participate in day-to-day life," and that they should be "terminated" from their jobs.

g. Plaintiff Pentrack made a complaint to Defendant's Human Resources, but no remedial action was taken.

h. Plaintiff Pentrack filed a charge of discrimination with the EEOC on or about April 2022 alleging he was discriminated against due to his religion and perceived disability status.

Further, Plaintiff Pentrack alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

i.    Plaintiff Pentrack received a Right to Sue from the EEOC on or about August 12, 2022.

j.    Plaintiff Pentrack has exhausted his administrative remedies.

84.    **Named Plaintiff ELVIRA KOLUNDZIC** is an individual and current employee of Defendant Honeywell, and a resident of the State of Florida.

a.    Plaintiff Kolundzic's religious beliefs conflicted with Defendant's Mandate. However, Defendant's process for requesting an exemption involved multiple forms requesting detailed explanations of Plaintiff Kolundzic's religious beliefs that she found arduous, discriminatory, and harassing.

b.    Plaintiff Kolundzic complained to Defendant's Human Resources about the discriminatory exemption process, but no remedial action was taken.

c.    Plaintiff Kolundzic was placed on an unpaid leave of absence for three weeks for not complying with Defendant's Mandate.

d.    Further, Plaintiff Kolundzic was required to wear a different colored identification badge to display publicly her vaccination status and do weekly testing when non-vaccinated employees did not have to do so.

e.   Plaintiff Kolundzic filed a charge of discrimination with the EEOC in March 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Kolundzic alleged that she was retaliated against for complaining about the disparate treatment.

f.   Plaintiff Kolundzic is subject to Defendant's continued and future enforcement of its Mandate.

g.   Plaintiff Kolundzic received a Right to Sue from the EEOC.

h.   Plaintiff Kolundzic has exhausted his administrative remedies.

85.   **Named Plaintiff KERI MASON** is an individual and current employee of Defendant Honeywell, and a resident of the State of Ohio.

a.   Plaintiff Keri Mason requested a religious exemption from Defendant's Mandate in October 2021 and was purportedly approved for the exemption by Defendant in December 2021.

b.   Plaintiff Keri Mason was further discriminated against by way of being continuously harassed by Defendant's Human Resources and upper management to receive the vaccine. Plaintiff Keri Mason was made aware that Defendant maintains a list of unvaccinated employees to "not promote" or to "get rid of."

c.   Defendant also placed Plaintiff Keri Mason on unpaid administrative leave.

d.    Plaintiff Keri Mason filed a charge of discrimination with the EEOC in April 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Keri Mason alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.    Plaintiff Keri Mason is subject to Defendant's continued and future enforcement of its Mandate and was retaliated against again by being given a poor performance review in September of 2022.

f.    Plaintiff Keri Mason received a Right to Sue from the EEOC on or about September 7, 2022.

g.    Plaintiff Keri Mason has exhausted his administrative remedies.

86.    **Named Plaintiff JUAN CARLOS FERNANDEZ** is an individual and current employee of Defendant Honeywell, and a resident of the State of Florida.

a.    Plaintiff Fernandez began working for Defendant in November 2001.

b.    Plaintiff Fernandez requested a religious exemption from Defendant's Mandate in October 2021 and was approved.

c.   Defendant placed Plaintiff Fernandez on unpaid administrative leave for one week because he did not upload a weekly test pursuant to Defendant's requirement of unvaccinated employees.

d.   Plaintiff Fernandez filed a charge of discrimination with the EEOC in March 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Fernandez alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.   Plaintiff Fernandez is subject to Defendant's continued and future enforcement of its Mandate.

f.   Plaintiff Fernandez received a Right to Sue from the EEOC on or about August 12, 2022.

g.   Plaintiff Fernandez exhausted his administrative remedies.

87.   **Named Plaintiff RONALD GERACCI** is an individual and current employee of Defendant, and a resident of the State of Florida.

a.   Plaintiff Geracci requested a religious exemption from Defendant's Mandate and was approved.

b.   Defendant placed Plaintiff Geracci on unpaid administrative leave because he was not vaccinated.

c.   Plaintiff Geracci was forced to wear a color-coded name badge and was ostracized from his vaccinated co-workers.

55

d.    Plaintiff Geracci filed a charge of discrimination with the EEOC on or around March 22, 2022, alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Geracci alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.    Plaintiff Geracci is subject to the continued and future enforcement of Defendant's Mandate so long as he remains employed by Defendant.

f.    Plaintiff Geracci received a Right to Sue from the EEOC on or about August 12, 2022.

g.    Plaintiff Geracci exhausted his administrative remedies.

88.    **Named Plaintiff SIERRA SHEPHERD** is an individual and current employee of Defendant Honeywell, and a resident of the State of Florida.

a.    Plaintiff Shepherd requested a religious exemption from Defendant's Mandate and was approved.

b.    Plaintiff Shepherd was singled out and treated differently because of her exemption from Defendant's Mandate.

c.    Plaintiff Shepherd filed a charge of discrimination with the EEOC on or around March 26, 2022, alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Shepherd alleged that she

56

was retaliated against for requesting an exemption and complaining about the disparate treatment.

d. Plaintiff Shepherd is subject to Defendant's continued and future enforcement of its Mandate.

e. Plaintiff Shepherd received a Right to Sue from the EEOC on or about August 12, 2022.

f. Plaintiff Shepherd exhausted her administrative remedies.

89. **Named Plaintiff KARINA BURCHARD** is an individual and current employee of Defendant Honeywell, and a resident of the State of Arizona.

a. Plaintiff Burchard requested a religious and disability exemption from Defendant's Mandate and was approved.

b. However, despite Plaintiff Burchard working from home and not being required to return on-site, Defendant required Plaintiff Burchard to submit to weekly testing.

c. On December 17, 2021, Plaintiff Burchard complained to Defendant's Human Resources regarding the disparate treatment she and other non-vaccinated employees were receiving.

d. Defendant required Plaintiff Burchard to submit a second request for a "special accommodation" to not be tested weekly.

e.   Plaintiff Burchard is subject to the continued and future enforcement of Defendant's Mandate so long as she remains employed by Defendant.

f.   Plaintiff Burchard has filed a charge of discrimination with the EEOC in April 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Burchard alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

g.   Plaintiff Burchard received her Right to Sue on or around July 18, 2022.

h.   Plaintiff Burchard exhausted her administrative remedies.

90.   **Named Plaintiff DAVID SAUNDERS** is an individual and current employee of Defendant Honeywell, and a resident of the State of Arizona.

a.   Plaintiff Saunders requested a religious exemption from Defendant's Mandate and was approved for the exemption by Defendant.

b.   Plaintiff Saunders was further discriminated against by way of having to wear a color-coded identification badge to publicly display his vaccination status and was required to test weekly and don masks when non-vaccinated employees did not have to do so.

58

    c.     Plaintiff Saunders was forced to take short term disability leave because of Defendant Honeywell's disparate and harassing treatment.

    d.     Plaintiff Saunders filed a charge of discrimination with the EEOC in April 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Saunders alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

    e.     Plaintiff Saunders was forced to request and go on short-term disability leave.

    f.     Plaintiff Saunders is subject to Defendant's continued and future enforcement of its Mandate.

    g.     Plaintiff Saunders received a Right to Sue from the EEOC on or about September 19, 2022.

    h.     Plaintiff Saunders has exhausted his administrative remedies.

91.    **Named Plaintiff TRACY HAINES** is an individual and current employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.     Plaintiff Haines began working for Defendant in August 2018.

    b.     Plaintiff Haines requested a religious exemption from Defendant's Mandate on October 25, 2021, and was approved on or about December 24, 2021. Defendant's approval,

however, required Plaintiff Haines to submit weekly tests at her own expense.

c.  In or around January 2022, Plaintiff Haines complained to Defendant's Human Resources that the weekly testing was cost prohibitive for her. However, Defendant took no remedial action and did not offer any solutions or alternatives.

d.  Plaintiff Haines filed a charge of discrimination with the EEOC in April 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Haines alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.  Plaintiff Haines is subject to the continued and future enforcement of Defendant's Mandate so long as she remains employed by Defendant.

f.  Plaintiff Haines received her Right to Sue on or around August 10, 2022.

g.  Plaintiff Haines exhausted her administrative remedies.

92. **Named Plaintiff SEBASTIAN NETOTEA** is an individual and current employee of Defendant Honeywell, and a resident of the State of Arizona.

a.  Plaintiff Netotea requested a religious exemption from Defendant's Mandate in October 2021 and was approved.

    b.    Plaintiff Netotea complained to Defendant's Human Resources because Defendant required Plaintiff Netotea, and the other non-vaccinated employees, to test weekly even though the vaccinated employees did not have to do so.

    c.    Plaintiff Netotea is subject to the continued and future enforcement of Defendant's Mandate so long as he remains employed by Defendant.

    d.    Plaintiff Netotea filed a charge of discrimination with the EEOC in April 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Netotea alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

    e.    Plaintiff Netotea received his Right to Sue on or around August 3, 2022.

    f.    Plaintiff Netotea exhausted his administrative remedies.

93.    **Named Plaintiff BRANDON GRANT** is an individual and current employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.    Plaintiff Grant began working for Defendant in October 2020.

    b.    Plaintiff Grant requested a religious exemption from Defendant's Mandate in October 2021 and was approved in December 2021.

    c.       Plaintiff Grant complained to Defendant's Human Resources because Defendant required Plaintiff Grant, and the other non-vaccinated employees, to test weekly even though the vaccinated employees did not have to do so. In response, Defendant's Vice President of Human Resources replied, "maybe you would like to take some unpaid leave."

    d.       Plaintiff Grant filed a charge of discrimination with the EEOC alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Haines alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

    e.       Plaintiff Grant is subject to the continued and future enforcement of Defendant's Mandate so long as he remains employed by Defendant.

    f.       Plaintiff Grant received his Right to Sue on or around August 3, 2022.

    g.       Plaintiff Grant exhausted his administrative remedies.

94.    **Named Plaintiff KATIE MEYER** is an individual and current employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.       Plaintiff Meyer began working for Defendant in May 2006.

    b.       Plaintiff Meyer requested a religious exemption from Defendant's Mandate in October 2021 and was ultimately

approved but only after she received a phone call from a Human Resources employee stating that her request was reviewed but determined to not be sincere. Plaintiff Meyer requested that decision in writing but never received it from Defendant. Later, she received the approval of her request.

c.     Plaintiff Meyer complained to Defendant's Human Resources because Defendant required Plaintiff Meyer, and the other non-vaccinated employees, to test weekly even though the vaccinated employees did not have to do so.

d.     Plaintiff Meyer is subject to the continued and future enforcement of Defendant's Mandate so long as she remains employed by Defendant.

e.     Plaintiff Meyer filed a charge of discrimination with the EEOC alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Meyer alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

f.     Plaintiff Meyer received her Notice of Right to Sue on or around June 29, 2022.

g.     Plaintiff Meyer exhausted her administrative remedies.

95.     **Named Plaintiff DWAYNE MCDUFFEE** is an individual and current employee of Defendant Honeywell, and a resident of the State of Arizona.

a. Plaintiff McDuffee requested a religious exemption from Defendant's Mandate and was approved in December 2021.

b. Plaintiff McDuffee complained to his management because Defendant required Plaintiff McDuffee, and the other non-vaccinated employees, to test weekly even though the vaccinated employees did not have to do so.

c. Plaintiff McDuffee filed a charge of discrimination with the EEOC in April 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff McDuffee alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

d. Plaintiff McDuffee is subject to the continued and future enforcement of Defendant's Mandate so long as he remains employed by Defendant.

e. Plaintiff McDuffee received his Notice of Right to Sue on or around August 31, 2022.

f. Plaintiff McDuffee exhausted his administrative remedies.

96. **Named Plaintiff TIM SCHOW** is an individual and current employee of Defendant Honeywell, and a resident of the State of Arizona.

a. Plaintiff Schow requested a religious exemption from Defendant's Mandate in October 2021 and was approved in December 2021.

    b.    Plaintiff Schow complained to his management because Defendant required Plaintiff Schow, and the other non-vaccinated employees, to test weekly even though the vaccinated employees did not have to do so.

    c.    Plaintiff Schow is subject to the continued and future enforcement of Defendant's Mandate so long as he remains employed by Defendant.

    d.    Plaintiff Schow filed a charge of discrimination with the EEOC in August 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Schow alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

    e.    Plaintiff Schow received his Notice of Right to Sue on or around August 15, 2022.

    f.    Plaintiff Schow exhausted his administrative remedies.

97.    **Named Plaintiff KATHERINE CRAVEN** is an individual and current employee of Defendant Honeywell, and a resident of the State of Arizona.

    a.    Plaintiff Craven requested a religious exemption from Defendant's Mandate and was approved.

    b.    Plaintiff Craven complained to his management because Defendant required Plaintiff Craven, and the other non-

vaccinated employees, to test weekly even though the vaccinated employees did not have to do so.

c.    Plaintiff Craven is subject to the continued and future enforcement of Defendant's Mandate so long as she remains employed by Defendant.

d.    Plaintiff Craven has filed a charge of discrimination with the EEOC in July 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Craven alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.     Plaintiff Craven received her Notice of Right to Sue on or around August 3, 2022.

f.    Plaintiff Craven exhausted her administrative remedies.

98.    **Named Plaintiff SETH HARTMAN** is an individual and current employee of Defendant Honeywell, and a resident of the State of Missouri.

a.    Plaintiff Hartman requested a religious exemption from Defendant's Mandate in October 2021 and was approved in December 2021.

b.    Plaintiff Hartman was required to wear a certain colored identification badge and to agree to weekly testing – and only at a work site - when other unvaccinated employees were not required to do so.

c.  Plaintiff Hartman is subject to the continued and future enforcement of Defendant's Mandate so long as he remains employed by Defendant.

d.  Plaintiff Hartman has filed a charge of discrimination with the EEOC alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Hartman alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

e.  Plaintiff Hartman exhausted his administrative remedies.

99.  **Named Plaintiff JANE DOE** is an individual and current employee of Defendant Honeywell, and a resident of the State of Texas.

a.  Plaintiff Doe began working for Defendant in August 2020.

b.  Plaintiff Doe requested a religious exemption from Defendant's Mandate in October 2021 and was approved.

c.  Plaintiff Doe was also required to stand in the corner of the conference room for other non-vaccinated employees (all of whom were required to wear red badge) while the vaccinated employees (all of whom wore green badges) were permitted to sit around the conference table.

d.  Defendant permitted Doe to work remotely from home through March 2022 and was in the process of transferring her abroad. However, after she requested an exemption from Defendant's

Mandate, Defendant has refused her speaking and travel opportunities, promotion opportunities and the promised work transfer abroad.

e.   Plaintiff Doe witnessed Defendant's list of unvaccinated employees and that the unvaccinated employees are being labeled as "do not promote."

f.   Plaintiff Doe is subject to the continued and future enforcement of Defendant's Mandate so long as she remains employed by Defendant.

g.   Plaintiff Doe has filed a charge of discrimination with the EEOC in April 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Doe alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

h.   Plaintiff Doe received her Notice of Right to Sue on or around September 2, 2022.

i.   Plaintiff Doe exhausted her administrative remedies.

100.  **Named Plaintiff KRISTIN ASHFORD** is an individual and current employee of Defendant Honeywell, and a resident of the State of Texas.

a.   Plaintiff Ashford began working for Defendant in February 2018.

68

b.  Plaintiff Ashford requested a religious exemption from Defendant's Mandate in October 2021 and was approved.

c.  Plaintiff Ashford requested a medical exemption that was denied after Defendant Honeywell required Plaintiff Ashford's medical doctor to fill out an exorbitant amount of forms.

d.  However, as part of its approval, Defendant required accommodations of Plaintiff, including weekly testing even though Plaintiff Ashford was approved by Defendant to work from home.

e.  Further Defendant required Plaintiff Ashford to wear a mask despite Plaintiff Ashford having an approved accommodation from masking due to a disability.

f.  Plaintiff Ashford is subject to the continued and future enforcement of Defendant's Mandate so long as she remains employed by Defendant.

g.  Plaintiff Ashford filed a charge of discrimination with the EEOC in May of 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Ashford alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

h.  Plaintiff Ashford received her Notice of Right to Sue on or around September 2, 2022.

        i.     Plaintiff Ashford exhausted her administrative remedies.

101.   **Named Plaintiff CODY REED** is an individual and current employee of Defendant Honeywell, and a resident of the State of Texas.

      a.     Plaintiff Reed requested a religious exemption from Defendant's Mandate and was approved.

      b.     Plaintiff Reed complained to his management because Defendant required Plaintiff Reed, and the other non-vaccinated employees, to test weekly even though the vaccinated employees did not have to do so.

      c.     Plaintiff Reed filed a charge of discrimination with the EEOC in April 2022 alleging he was discriminated against due to his religion and perceived disability status. Further, Plaintiff Reed alleged that he was retaliated against for requesting an exemption and complaining about the disparate treatment.

      d.     Plaintiff Reed is subject to the continued and future enforcement of Defendant's Mandate so long as he remains employed by Defendant.

      e.     Plaintiff Reed received his Notice of Right to Sue on or around July 21, 2022.

      f.     Plaintiff Reed exhausted his administrative remedies.

102.   **Named Plaintiff STEPHANIE CUMPTON** is an individual and current employee of Defendant Honeywell.

a.   Plaintiff Cumpton began working for Defendant in March 2016.

b.   Plaintiff Cumpton requested a religious exemption from Defendant's Mandate in October 2021 and was approved in December 2021.

c.   However, as part of its approval, Defendant required accommodations of Plaintiff, including weekly testing even though Plaintiff Cumpton was approved by Defendant to work from home.

d.   Further, in May 2022, Plaintiff Cumpton lost out on a promotion to another employee that lacked the experience for the position and openly struggled to understand the training provided by Plaintiff Cumpton.

e.   Plaintiff Cumpton is subject to the continued and future enforcement of Defendant's Mandate so long as she remains employed by Defendant.

f.   Plaintiff Cumpton filed a charge of discrimination with the EEOC in June 2022 alleging she was discriminated against due to her religion and perceived disability status. Further, Plaintiff Cumpton alleged that she was retaliated against for requesting an exemption and complaining about the disparate treatment.

g.   Plaintiff Cumpton received her Notice of Right to Sue on or around July 18, 2022.

h.      Plaintiff Cumpton exhausted her administrative remedies.

## C. Defendant

103.   Defendant HONEYWELL, INTERNATIONAL, INC. (hereinafter "Defendant" or "Defendant Honeywell") is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. It has offices throughout the United States of America.

104.   Defendant has a massive presence in Florida, and specifically in this judicial district, with a hub, located at 13350 US Highway 19 North, Clearwater, Florida 33764.

## Sincerely Held Religious Beliefs

105.   Plaintiffs object to receiving a COVID-19 "vaccination" based on their sincerely held religious beliefs.

106.   Plaintiffs' sincerely held religious beliefs are that (1) opposition to abortion and the use of fetal cell lines in the development of the vaccine; (2) belief that the mRNA technology utilized in some COVID-19 vaccines usurps God's creation of the human genome; and (3) that the body is a temple and taking the vaccine would defile that temple.

107.   Plaintiffs' sincerely held religious beliefs, preclude them from accepting any one of the three currently available COVID-19 "vaccines" as they are developed and produced from, tested with, researched on, or otherwise connected with the aborted fetal cell lines HEK-293 and PER.C6. Plaintiffs' sincerely held

religious beliefs compel them to abstain from obtaining or injecting any of these products into their bodies, regardless of the perceived benefit or rationale.

### Harassment and Hostile Work Environment Allegations

108.    Plaintiffs were harassed and placed in a hostile work environment through Defendant's Mandate and mandatory disclosure and display of vaccination status.

109.    Defendant's management created a discriminatory environment as a result of the Mandate that impacted Plaintiffs' ability to work.

110.    Defendant broadcasted Plaintiffs' private information on internal memorandums, bulletin boards, other communications, and visibly-designated red badges and lanyards designed to shame and segregate the unvaccinated from the vaccinated.

111.    Plaintiffs were not allowed to be in the same rooms as those who were vaccinated, and if they were required to be in the same room, only the Plaintiffs were required to wear facemasks covering both nose and mouth, identifying their status as unvaccinated thus creating a visible and isolating barrier between Plaintiffs (and other unvaccinated employees) and his/their vaccinated co-workers.

112.    Plaintiffs were sent almost daily e-mails threatening termination if they did not comply with the Mandate.

113.    Defendant Honeywell brought in medical staff at one of its locations to administer the COVID-19 vaccine and stated that if the non-vaccinated were not

73

vaccinated by approximately noon, that they would all be terminated. Some employees were coerced by Defendant Honeywell into foregoing their religious beliefs and receiving the vaccine to save their livelihood. However, at approximately 1:30 p.m. that same day, Defendant Honeywell reversed course - after those employees met the first deadline thus selling out their faith – and stated that it was pushing the vaccination deadline out a couple of weeks.

114.   At another of Defendant's locations, unvaccinated employees were segregated and isolated from their vaccinated co-workers. For example, at this location, unvaccinated employees were made to use port-a-potties outside and were made to eat lunch outside, with no air conditioning and/or heat.

115.   Plaintiffs were ultimately put in a position to choose between their livelihoods and their beliefs by requiring that Plaintiffs comply with the Mandate and, further, to disclose their vaccination status, or be placed on unpaid leave from their positions, creating an intimidating and harassing environment within the workplace.

## CLASS ACTION SPECIFIC ALLEGATIONS

116.   Plaintiffs bring this class action under Federal Rules of Civil Procedure 23(a) and (b).

117.   Through this action, Plaintiffs seek to represent the following Class:

> All Honeywell current or former employees who (1) between May of 2021 and the present objected to Honeywell's Mandate because of sincerely held religious beliefs or disability exemption and/or accommodation from its Vaccine Policy requiring COVID-19 vaccination; and (2) who were placed on unpaid administrative leave,

discharged, constructively discharged, retaliated against, or resigned, due to their religious beliefs against the COVID-19 vaccine.

## A. Rule 23(a)

### Numerosity

118.   The exact number of members of the class is not precisely known, but there are currently over 1,000 employees at Honeywell. Out of those employees, over 50 employees thus far have requested medical or religious exemptions. Because of the large number of class members, joinder of individual class members is impracticable.

### Commonality

119.   Common questions of law and fact exist as to all members of the putative classes and predominate over any questions solely affecting individual members of the putative classes.  These common questions include, but are not limited to:

> a. Whether Honeywell has a policy and/or practice of not conducting an individualized assessment of all exemption requests from its Mandate;
>
> b. Whether Honeywell has a policy and/or practice of not engaging in an interactive process when it comes to reasonable accommodations involving its Mandate;
>
> c. Whether Honeywell has a policy and/or practice of taking adverse action against employees who do not receive the COVID-19 vaccine;
>
> d. Whether Honeywell has a policy and/or practice of segregating and marking employees that have not received the COVID-19 vaccine;
>
> e. Whether Honeywell has a policy and/or practice of coercing compliance with the COVID-19 vaccine by threatening or taking

adverse action against employees who seek exemptions from its Mandate; and,

    f.   Whether Honeywell's policies and/or practices regarding its Mandate violates the Honeywell Class members their rights under Title VII of the Civil Rights Act or the Americans with Disabilities Act.

## Typicality

120.   The claims alleged by the Named Plaintiffs and the resultant harms are typical of the claims of each member of the proposed class. Typicality exists because all absent class members have been injured, or are at risk of injury, as a result of the same policies and/or practices. Defendants' Mandate is a singular policy or practice requiring the COVID-19 vaccine without exception for the Class Members' sincerely held religious beliefs and disability status are typical of the Class Members. Honeywell's failure to provide reasonable accommodations to those who are not vaccinated and its failure to engage in an interactive process involving reasonable accommodations resulted in Honeywell taking adverse action against class members who have not received the COVID-19 vaccine.

## Adequacy

121.   The Named Plaintiffs will fairly and adequately protect the interests of the class. There are no conflicts of interest between the Named Plaintiffs and the other class members.

122.   The Named Plaintiffs have retained counsel with extensive experience litigating complex employment action lawsuits in federal court. Named Plaintiffs' counsel have committed sufficient resources to represent the class. Named

Plaintiffs' counsel therefore are well suited to fairly and adequately represent the class's interests.

**B. Rule 23(b)(2)**

123.    Defendants have acted or failed to act on grounds generally applicable to the class, necessitating declaratory and injunctive relief for the class. Named Plaintiffs' counsel know of no conflicts among the class members.

**CAUSES OF ACTION**

**COUNT I**
**Civil Rights Act, as amended, 42 USC § 2000e, et seq. ("Title VII")**
*Religious Discrimination/Harassment*

124.    Plaintiffs reallege and incorporate paragraphs 1-123 above as if fully set forth herein.

125.    This action is brought pursuant to Title VII of the Civil Rights Act, as amended, 42 USC § 2000e, et seq. ("Title VII"). Title VII prohibits Defendant from discriminating against and harassing its employees on the basis of their sincerely held religious beliefs.

126.    Plaintiffs hold sincerely held religious beliefs that preclude them from receiving the COVID-19 vaccine.

127.    At all times relevant, Defendant employed at least fifteen (15) employees.

128.    Plaintiffs refused to receive the COVID-19 vaccine and informed Defendant Honeywell of their basis for not receiving the vaccine.

129.    Defendant refused to engage in an interactive process regarding the Plaintiffs' requests for reasonable accommodations to the COVID-19 vaccine mandate. Defendant has failed to engage in the interactive process with Plaintiffs regarding reasonable accommodations.

130.    Defendant's failure to provide reasonable accommodations to Plaintiffs has harmed and will continue to harm Plaintiffs.

131.    As a result of the failures to accommodate actions by Defendant, Plaintiffs suffered emotional distress.

132.    Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiffs respectfully pray for relief against Defendant as hereinafter set forth in their Prayer for Relief.

### COUNT II
### Civil Rights Act, as amended, 42 USC § 2000e, et seq. ("Title VII")
*Religious Discrimination – Retaliation*

133.    Plaintiffs reallege and incorporate paragraphs 1-123 above as if fully set forth herein.

134.    This action is brought pursuant to Title VII of the Civil Rights Act, as amended, 42 USC § 2000e, et seq. ("Title VII").

135.    At all times relevant, Defendant has been a corporation continuously doing business throughout the country engaged in an industry affecting commerce within the meaning of Title VII and has at least fifteen (15) employees.

136.    Plaintiffs have sincere, religious beliefs that preclude them from taking a COVID-19 vaccine.

137.    Plaintiffs requested exemptions from Defendant's Mandate.

138.    In retaliation, Defendant required Plaintiffs to wear discriminatory colored badges to denote that Plaintiffs were unvaccinated, be singled out to wear personal protective equipment when others did not have to, and to require social distancing between themselves and vaccinated employees.

139.    Defendant further put Plaintiffs on unpaid leave, terminated them, or constructively discharged them.

140.    As a result of Defendant's retaliation, Plaintiffs suffered emotional distress.

141.    Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiffs respectfully pray for relief against Defendant as hereinafter set forth in their Prayer for Relief.

## COUNT III
## Americans with Disabilities Act, as amended, 42 USC § 12101 ("ADAAA")
*Perceived Disability Discrimination/Harassment*

142.    Plaintiffs reallege and incorporate paragraphs 1-104 and 108-123 above as if fully set forth herein.

143.    This action is brought pursuant to the Americans with Disabilities Act, as amended ("ADAAA").

144.    At all times relevant, Defendant has been a corporation continuously doing business throughout the country engaged in an industry affecting commerce within the meaning of the ADAAA and has at least fifteen (15) employees.

145.   Plaintiffs were subjected to disability discrimination and harassment during their time of employment by Defendant due to Plaintiffs' perceived disability as being susceptible to catching COVID-19 due to their non-vaccinated statuses.

146.   Furthermore, Plaintiffs received harassing e-mails near-daily, threatening unpaid leave and/or termination if Plaintiffs chose to remain unvaccinated, were required to wear protective personal equipment when vaccinated employees were not, forced to social distance and sit in separate rooms, and even use separate restrooms than their vaccinated co-workers, undergo weekly testing, and were not given new or desirable projects to work on.

147.   As a result of defendant's discrimination and harassment, Plaintiffs suffered emotional distress.

148.   Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiffs respectfully pray for relief against Defendant as hereinafter set forth in their Prayer for Relief.

**COUNT IV**
**Americans with Disabilities Act, as amended, 42 USC § 12101 ("ADAAA")**
*Perceived Disability – Retaliation*

149.   Plaintiffs reallege and incorporate paragraphs 1-104 and 108-123 above as if fully set forth herein.

150.   This action is brought pursuant to the Americans with Disabilities Act, as amended ("ADAAA").

151.     At all times relevant, Defendant has been a corporation continuously doing business throughout the country engaged in an industry affecting commerce within the meaning of the ADAAA and has at least fifteen (15) employees.

152.     Defendant perceived Plaintiffs as having a disability due to their non-vaccinated status and their alleged increased susceptibility to contracting COVID-19.

153.     As a result of Plaintiffs' perceived disability due to their non-vaccinated status, Defendant enacted rules and regulations that applied only to those with this perceived disability.

154.     Plaintiffs were ostracized and treated as inferior to their co-workers, solely due to their non-vaccinated status.

155.     Plaintiffs complained of this disparate treatment based on perceived disability to Defendant's Human Resources and Upper Management.

156.     In retaliation for complaining of said disparate treatment, Plaintiffs were treated worse in terms and conditions than their vaccinated co-workers, were further harassed, and/or were ostracized daily. Some were placed on unpaid administrative leave, terminated, or constructively discharged.

157.     As a result of Defendant's retaliation, Plaintiffs suffered emotional distress.

158.     Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiffs respectfully pray for relief against Defendant as hereinafter set forth in their Prayer for Relief.

**COUNT V**
**Emergency Use Authorization Provisions Of The United States Code,**
**21 U.S.C. §360bbb-3, *et seq*.**
*Violation of Emergency Use Authorization*

159.    Plaintiffs reallege and incorporate paragraphs 1-4, 8, 14-47, 49-104, and 116-123 above as if fully set forth herein.

160.    The United States Code provides that:

> **subject to the provisions of this section**, the Secretary (of the Department of Health and Human Services) may authorize the introduction into interstate commerce, during the effective period of a declaration under subsection (b), of a drug, device, or biological product intended for use in an actual or potential emergency (referred to in this section as an "emergency use."

> 21 U.S.C. §360bbb-3(a)(1) (emphasis added).

161.    For ease of reference, Plaintiffs will refer to the general provisions of 21 U.S.C. §360bbb-3 as the "Emergency Use Authorization Statute" or "EUA Statute."

162.    Part of the explicit statutory conditions for an Emergency Use Authorization ("EUA") under the Emergency Use Authorization statute, the statute mandates that all individuals to whom the product approved for Emergency Use may be administered be given the option to accept or refuse administration of the product.

163.    Specifically, 21 U.S.C. §360bbb-3(e)(1)(A)(ii)(III), states:

> With respect to the emergency use of an unapproved product, the Secretary, to the extent practicable given the applicable circumstances described in subsection (b)(1),

82

shall for a person who carries out an activity for which the authorization is issued, establish such conditions on an authorization under this section as the Secretary finds necessary or appropriate to protect the public health, including the following

. . .

Appropriate conditions designed to ensure that individuals to whom the product is administered are informed—

(I) that the Secretary has authorized the emergency us of the product;

(II) of the significant known potential benefits and risks of such use, and of the extent to which such benefits are unknown; and

(III) **of the option to accept or refuse administration of the product,** of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks.

21 U.S.C. §360bbb-3(e)(1)(A)(ii)(I)-(III) (emphasis added).

164.   The only currently available COVID-19 "vaccines" (Janssen/Johnson & Johnson, Moderna, and Pfizer/BioNTech) are only authorized for use under the Emergency Use Authorization statute and have no general approval under the United States Code.

165.   Because all three of the currently available COVID-19 "vaccines" are subject only to Emergency Use under the Emergency Use Authorization statute, the Emergency Use Authorization statute mandates that all individuals to whom the product may be administered, including Plaintiffs, be given the right to accept or refuse administration of the product.

166.   The recent FDA biologics license application (BLA) approval of the product COMIRNATY, COVID-19 Vaccine, mRNA, manufactured by BioNTech Manufacturing GmbH,4 does not change the EUA status of the Pfizer-BioNTech COVID-19 Vaccine that has been available under EUA since December 23, 2020. According to the EUA extension letter issued by the FDA to Pfizer on August 23, 2021, the Pfizer-BioNTech COVID-19 Vaccine and BioNTech's COMIRNATY, COVID-19 Vaccine, mRNA "are legally distinct" products.

167.   Moreover, the now "approved" COMIRNATY "vaccine" cannot be distributed for use until BioNTech submits "final container samples of the product in final containers together with protocols showing results of all applicable tests" and BioNTech receives "a notification of release from the Director, Center for Biologics Evaluation and Research (CBER)." Thus, it is not clear when (or if) any Defendant employee will have access to the "approved" COMIRNATY vaccine, leaving all Defendant employees who may elect to receive the "Pfizer" vaccine pursuant to Defendant's mandatory vaccine policy to receive a dose of the current stock of Pfizer-BioNTech vaccine still being administered subject to EUA rules.

168.   On August 23, 2021, the United States Food and Drug Administration issued two separate letters pertaining to two separate COVID-19 "vaccines": BioNTech Letter, United States Food and Drug Administration to BioNTech Manufacturing GmbH (Aug. 23, 2021) and Pfizer Letter, United States Food and Drug Administration to Pfizer, Inc. (Aug. 23, 2021).)

169.   In the Pfizer Letter, the FDA confirms that, on December 11, 2020, it granted Emergency Use Authorization for the previous Pfizer-BioNTech COVID-19 "Vaccine". It also notes that the EUA approval was continued on December 23, 2020, February 25, 2020, May 10, 2021, June 25, 2021, and August 12, 2021.

170.   The Pfizer Letter also makes clear that there is a scientific, manufacturing, and legally significant difference between the Pfizer-BioNTech COVID-19 "Vaccine" and the newly approved Comirnaty "Vaccine".

171.   Specifically, the FDA stated that although the COMIRNATY COVID-19 "Vaccine" was granted full approval by the FDA, the Pfizer-BioNTech COVID-19 Vaccine was still only subject to the EUA authorization. ("In the August 23, 2021, revision, FDA clarified that, subsequent to the FDA approval of COMIRNATY (COVID19 Vaccine, mRNA) for the prevention of COVID-19 for individuals 16 years of age and older, this EUA would remain in place for the Pfizer-BioNTech COVID-19 vaccine for the previously-authorized indication and uses. It also authorized COMIRNATY (COVID-19 Vaccine, mRNA) under this EUA for certain uses that are not included in the approved biologics license application (BLA)." (Emphasis added).

172.   Put simply, because all three of the currently available COVID-19 vaccines are subject only to Emergency Use under the Emergency Use Authorization statute, the Emergency Use Authorization statute prohibits Defendant (or any other entity) from making the COVID-19 "vaccines" mandatory.

173.   All existing vials of the EUA-approved Pfizer-BioNTech COVID-19 "vaccine" remain under the sole authorization of the EUA.

174.   On information and belief, the existing vials of the EUA-approved Pfizer-BioNTech COVID-19 "vaccine" register in the millions, and anyone receiving any COVID-19 "vaccine" for the foreseeable future is guaranteed to receive the EUA-approved Pfizer-BioNTech COVID-19 "Vaccine," not the fully approved COMIRNATY.

175.   There are no currently existing doses of COMIRNATY in the United States and it is not being manufactured for production or distribution in the United States at this time.

176.   In fact, the FDA Pfizer Letter plainly indicates that COMIRNATY is not available in the United States: "Although COMIRNATY (COVID-19 Vaccine, mRNA) is approved to prevent COVID-19 in individuals 16 years of age and older, there is no sufficient approved vaccine for distribution to the population." (Emphasis added).

177.   Thus, the FDA has admitted and acknowledged that the current supply of the fully approved COMIRNATY is not even available for the population in the United States, and thus issued the continued EUA authorization for the Pfizer-BioNTech Covid-19 "Vaccine."

178.   Indeed, in order for the FDA to have even continued the EUA for the Pfizer-BioNTech Covid-19 "Vaccine," it was required to find that there were no alternatives available for the Pfizer-BioNTech "vaccine". ("There is no adequate,

approved, and available alternative to the Pfizer-BioNTech COVID-19 Vaccine to prevent COVID-19." (Emphasis added).)

179.   Thus, the only currently available COVID-19 "vaccines" are subject solely to EUA approval and therefore cannot be mandated by Defendant.

180.   In addition, consistent with the requirement in the Emergency Use Authorization statute that all potential recipients of the COVID-19 vaccine be informed of the option to accept or refuse the "vaccine," the Emergency Use Authorization Fact Sheet for all three of the currently available COVID-19 "vaccines" specifically states – as required by the Emergency Use Authorization statute – that individuals have the right to refuse administration of the COVID-19 "vaccine."

181.   Specifically, the Emergency Use Authorization Fact Sheets for all three COVID-19 "vaccines" state that it is the individual's right to refuse administration of the "vaccine."

182.   By imposing its Mandatory COVID-19 Vaccination Policy on Plaintiffs and refusing to grant Plaintiffs their requested religious exemption from such mandatory "vaccination," Defendant is denying Plaintiffs their right to accept or refuse administration of the three currently available COVID-19 "vaccines", which are subject only to Emergency Use approval under the Emergency Use Authorization statute.

183.   Defendant, by denying Plaintiffs the right to accept or refuse administration of the three currently available COVID-19 "vaccines," is violating the provisions of the Emergency Use Authorization statute.

184.   Defendant, by denying Plaintiffs their requested religious exemption and reasonable accommodation, is denying Plaintiffs their statutory rights under the United States Code and infringing upon the explicit protections outlined in the Emergency Use Authorization statute.

185.   Defendant's Mandatory COVID-19 Vaccination Policy has caused, is causing, and will continue to cause Plaintiffs immediate and irreparable harm by denying him their statutory right to accept or refuse administration of the three COVID-19 "vaccines," which are subject only to Emergency Use under the Emergency Use Authorization statute.

186.   Plaintiffs have no adequate remedy at law to prevent the ongoing deprivation of their statutory rights under the Emergency Use Authorization statute to be given the right to accept or refuse administration of the COVID-19 vaccines, which are subject only to Emergency Use authorization under the Emergency Use Authorization statute.

187.   Absent an injunctive relief, Defendant's deprivation of Plaintiffs' right to accept or refuse administration of a product subject only to Emergency Use Authorization will cause them to suffer adverse employment action from Defendant.

WHEREFORE, Plaintiffs respectfully pray for relief against Defendant as hereinafter set forth in their Prayer for Relief.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray for relief as follows:

A.     That the Court certify this action as a class action under Federal Rules of Civil Procedure 23(a) and (b).

B.     That the Court issue a Temporary Restraining Order restraining and enjoining Honeywell, all its officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the Mandatory COVID-19 Vaccination Policy or any other written or unwritten policy or practice subjecting Plaintiffs to discrimination for the exercise of their sincerely held religious beliefs against administration of the COVID-19 vaccines in violation of Title VII and the ADAA.

C.     That the Court issue a Preliminary Injunction pending trial, and a Permanent Injunction upon judgment, restraining and enjoining Honeywell, all its officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the Mandatory COVID-19 Vaccination Policy or any other written or unwritten policy or practice that subjects Plaintiffs to discrimination for the exercise of their sincerely held religious beliefs

against administration of the COVID-19 vaccines in violation of Title VII and the ADAA.

D.     That this Court render a Declaratory Judgment declaring that Honeywell's Mandatory COVID-19 Vaccination Policy, both on its face and as applied by Honeywell, is illegal and unlawful under the Title VII and the ADAA; and further declaring that by terminating Plaintiffs from employment with Honeywell or by threatening to so terminate or remove Plaintiffs from their current positions, Honeywell has unlawfully denied Plaintiffs their statutory rights under Title VII and the ADAA.

E.     That this Court award Plaintiffs and those similarly situated actual damages in an amount to be proven at trial, including those for pain and suffering, that Plaintiffs sustained as a result of Honeywell's discriminatory, unconscionable, and unlawful Mandatory COVID-19 Vaccination Policy.

F.     That this Court adjudge, decree, and declare the rights and other legal obligations and relations within the subject matter here in controversy so that such declaration shall have the full force and effect of final judgment.

G.     That this Court retain jurisdiction over the matter for the purposes of enforcing the Court's order.

H.     That this Court award Plaintiffs the reasonable costs and expenses of this action, including reasonable attorneys' fees, as required by Title VII and the ADAA.

I.      That this Court grant such other and further relief as the Court deems equitable and just under the circumstances.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 23, 2022

/s/ Brandon Hill

**LUIS A. CABASSA**
Florida Bar Number: 0053643
Direct Dial: (813) 379-2565
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: gnichols@wfclaw.com

**KATHRYN C. HOPKINSON**
Florida Bar No.: 0102666
Direct Dial: 508-274-9169
**CURRAN ANTONELLI, LLP**
400 North Tampa St, 15th Floor
Tampa, Florida 33602
(617) 207-8670 ▪ (617) 850-9001 Fax
khopkinson@curranantonelli.com
Secondary Emails:
slevy@curranantonelli.com
ethompson@curranantonelli.com
filings@curranantonelli.com

***Counselors for the Plaintiffs***